JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
14 CV 9904
-------------------------------------------------------------X Case No.

ROBERT F. FITZGERALD,



         Plaintiff,

         -against-

212 STEAKHOUSE, INC., and
NIKOLAY VOLPER, *Individually*,

         Defendants.
-------------------------------------------------------------X

**COMPLAINT**

RECEIVE D

DEC 16 2014

U.S.D.C. S.D. N.Y.
CASHIERS

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

        Plaintiff, ROBERT F. FITZGERALD, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the <u>New York City Human Rights Law</u>, New York City Administrative Code §8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being <u>**Discriminated Against**</u> and <u>**Denied Employment**</u> on the basis of his <u>**Perceived Sexual Orientation (Gay)**</u> as well as due to his <u>**Failure to Conform to Gender Stereotypes**</u>.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, dated December 11, 2014, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7.   This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.   That at all times relevant hereto, Plaintiff ROBERT F. FITZGERALD ("FITZGERALD") was a resident of the State of New York and the County of Queens.

9.   That at all times relevant hereto, Defendant 212 STEAKHOUSE, INC. ("212 STEAKHOUSE") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 316 East 53rd Street, New York, New York 10022.

10.   That at all times relevant hereto, Defendant NIKOLAY VOLPER ("VOLPER") was an employee of Defendant 212 STEAKHOUSE, holding the position of "Owner."

11.   That at all times relevant hereto, Defendant 212 STEAKHOUSE and Defendant VOLPER and are collectively referred to herein as "Defendants."

2

## MATERIAL FACTS

12. On or about May 29, 2014, Plaintiff FITZGERALD applied for the position of "Cocktail Server" at Defendants' restaurant, located at 316 East 53rd Street, New York, New York 10022.

13. Only hours later, also on or about May 29, 2014, Plaintiff FITZGERALD received an email from Defendants stating, "We invite you to meet with us from 11am till 4:30pm Monday to Friday @ 212 Steakhouse 316 East 53rd Street," to which Plaintiff FITZGERALD replied, "Great! I'll see you on Monday at 11:00am."

14. On or about Monday, June 2, 2014, Plaintiff FITZGERALD was interviewed by Defendant VOLPER, after which Defendant VOLPER told Plaintiff FITZGERALD to "come back on Wednesday at 12:00 for computer training."

15. As such, on or about Wednesday, June 4, 2014, Plaintiff FITZGERALD completed the computer training, and afterwards, Denise Moriya, Defendants' Manager, said to everyone, "Give me your email addresses and I'll send you the wine list and your work schedule." In response, Plaintiff FITZGERALD immediately gave Denise Moriya his email address and left Defendants' restaurant.

16. Since Plaintiff FITZGERALD never received any email from Denise Moriya, on or about Friday, June 6, 2014, Plaintiff FITZGERALD sent an email to Defendants stating, "I was just wondering when I will be receiving the wine list email and to let you know my ability for server shifts. Also, to see when the next training day for servers would be." Plaintiff FITZGERALD never received any response to his email.

17. As such, on or about Monday, June 9, 2014, Plaintiff FITZGERALD sent yet another email to Defendants stating, "I went for training last Wednesday to learn your computer

system. I was suppose *(sic)* to get an email regarding my availability but I haven't received it yet. I also was wondering when the next training day would be since The Grand Opening is this Saturday?"

18. On or about June 9, 2014, Plaintiff FITZGERALD thereafter also called Denise Moriya who said that Defendant VOLPER would call Plaintiff FITZGERALD back.

19. The following day, on or about Tuesday, June 10, 2014, since Defendant VOLPER never called Plaintiff FITZGERALD back, Plaintiff FITZGERALD called Denise Moriya who again said that Defendant VOLPER would call him back. However, not surprisingly, Defendant VOLPER failed to return Plaintiff FITZGERALD's phone call and failed to send Plaintiff FITZGERALD any email.

20. Accordingly, two (2) days later, on or about Thursday, June 12, 2014, Plaintiff FITZGERALD again called Defendants and just happened to get Defendant VOLPER on the phone, during which Plaintiff FITZGERALD explained all that had transpired and asked why he hadn't received any phone call or email considering Defendants' restaurant was scheduled to open in only two (2) days, on Saturday, June 14, 2014. In response, Defendant VOLPER simply told Plaintiff FITZGERALD to come to the restaurant the following day.

21. Soon after hanging up the phone, Plaintiff FITZGERALD received an email from Defendants stating, "212 steakhouse will open this upcoming Saturday. We invite you to start your full time schedule this Thursday & Friday @ Noon till 5 pm for Training with bartender; menu, wine & food menu. Saturday & Sunday we are asking servers & bartenders to be at the restaurant at 2 pm. For Runners Bussers @ 3 pm. ..." Plaintiff FITZGERALD was absolutely shocked to read this email considering it was already well

4

after noon on Thursday when Plaintiff FITZGERALD received it for the first time. At this point it started to become clear to Plaintiff FITZGERALD that Defendants had been trying to avoid Plaintiff FITZGERALD and never had any intention of actually hiring him.

22. Nonetheless, since Plaintiff FITZGERALD needed the income, on or about Friday, June 13, 2014, at approximately 12:00pm, Plaintiff FITZGERALD arrived at Defendants' restaurant to begin training.

23. At all times during this training, Plaintiff FITZGERALD was an exemplary trainee, was never reprimanded, and actually received numerous compliments for his work performance.

24. However, almost immediately, it was apparent to Plaintiff FITZGERALD that Defendant VOLPER was not happy with Plaintiff FITZGERALD's presence in his restaurant due to Plaintiff FITZGERALD's perceived sexual orientation (Gay) as well as Plaintiff FITZGERALD's failure to conform to gender stereotypes.

25. By way of example, on or about June 13, 2014, while Defendant VOLPER greeted all of the other trainees, Defendant VOLPER refused to even acknowledge Plaintiff FITZGERALD's presence.

26. Then, while all trainees were standing around waiting for further instructions, Defendant VOLPER suddenly singled Plaintiff FITZGERALD out and said loudly, **"Don't ever put your hand on your hip again in my restaurant."** This comment directed at Plaintiff FITZGERALD was used with the intent and effect of calling attention to Plaintiff FITZGERALD's appearance and behavior that Defendant VOLPER considered to be different from the male gender stereotype, and his ideas of how men should look, behave

and conform to male gender stereotypes. This was when Plaintiff FITZGERALD realized that this was also most likely the reason that Defendants were avoiding Plaintiff FITZGERALD for so many days.

27. Furthermore, when Plaintiff FITZGERALD asked Defendants' Executive Chef to repeat an instruction that he had given, the Executive Chef sarcastically asked Plaintiff FITZGERALD, **"You are a guy, right?"** When Plaintiff FITZGERALD responded, "yes, of course," the Executive Chef stated, "Then come with me." While Plaintiff FITZGERALD is clearly male and has a male gender identity, his gender expression and/or presentation does not conform to the stereotypes of hyper-masculine and/or masculine gender expression expected by Defendants.

28. Approximately one (1) hour later, when Denise Moriya saw Plaintiff FITZGERALD entering his information into Defendants' computer system as he was instructed to do, Denise Moriya said to Plaintiff FITZGERALD, "Ohhhh you're Rob...," implying that she was actually surprised to see him in the restaurant.

29. Only moments later, as Plaintiff FITZGERALD was still at the computer, Defendant VOLPER suddenly pulled Plaintiff FITZGERALD to the side and said, **"You can't work here anymore. I just personally can't work with you."** In a complete state of shock, Plaintiff FITZGERALD asked him why, to which Defendant VOLPER reiterated, **"I just can't personally work with you."**

30. This denial of employment was especially suspect because Plaintiff FITZGERALD was the only employee that Defendant VOLPER refused to hire due to not "personally being able to work with."

31. Plaintiff FITZGERALD believes that Defendant VOLPER could "not personally work

6

with him" due to Defendant VOLPER's discriminatory animus against Plaintiff FITZGERALD because of his perceived sexual orientation (Gay) and his failure to conform to gender stereotypes.

32. <u>Based upon the aforementioned suspicious actions, it is clear that on or about June 13, 2014, Defendants refused to hire Plaintiff FITZGERALD solely due to his perceived sexual orientation (Gay) and due to his failure to conform with gender stereotypes.</u>

33. Plaintiff FITZGERALD was physically repulsed and disgusted by this blatantly discriminatory failure to hire.

34. Plaintiff FITZGERALD feels offended, disturbed, and humiliated by the blatantly unlawful and discriminatory failure to hire.

35. Defendants treated Plaintiff FITZGERALD differently solely due to his perceived sexual orientation (Gay) as well as due to Plaintiff FITZGERALD's failure to conform to gender stereotypes.

36. <u>But for the fact that Defendants perceived Plaintiff FITZGERALD to be Gay and felt that Plaintiff FITZGERALD did not conform to the way a male should act, Defendants would not have treated him differently and would not have denied him employment.</u>

37. Defendants' actions were unsolicited, unwelcome and offensive.

38. Defendants' actions and conduct were intentional and intended to harm Plaintiff FITZGERALD.

39. Plaintiff FITZGERALD has been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income,

earnings and physical injury.

40. Plaintiff FITZGERALD's performance was, upon information and belief, above average during the course of his training with Defendants.

41. As a result of Defendants' actions, Plaintiff FITZGERALD feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff FITZGERALD, Plaintiff FITZGERALD has suffered severe emotional distress and physical ailments.

43. As a result of the acts and conduct complained of herein, Plaintiff FITZGERALD has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff FITZGERALD has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44. As a result of the above, Plaintiff FITZGERALD has been damaged in an amount which exceeds the jurisdiction limits of the Court.

45. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff FITZGERALD demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil

8

Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

48.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his gender and failure to confirm to gender stereotypes.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

49.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50.     The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

51.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his gender and perceived sexual orientation.

9

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

54. Defendant VOLPER engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. The New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

10

2.    the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3.    the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.  An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

57.    Defendants violated the section cited herein as set forth.

## JURY DEMAND

58.    Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.,* and

the New York City Administrative Code §8-107 *et. seq.*, in that Defendants discriminated against Plaintiff on the basis of his perceived sexual orientation and failure to conform to gender stereotypes;

B.    Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
        December 12, 2014

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

By:     _____
        Alex Umansky (AU7961)
        *Attorneys for Plaintiff*
        45 Broadway, Suite 620
        New York, New York 10006
        (212) 248-7431
        AUmansky@tpglaws.com

12

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Robert F. Fitzgerald<br>31-19 32nd St<br>Apt. #8<br>Astoria, NY 11106 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-03222 | Rudolph White,<br>Investigator | (212) 336-3753 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

12/11/2014
*(Date Mailed)*

Enclosures(s)

cc:

| Attn<br>Director of Human Resources<br>212 STEAKHOUSE INC<br>316 East 53rd Street<br>New York, NY 10022 | Alex Umansky<br>PHILLIPS & ASSOCIATES PLLC<br>45 Broadway<br>Suite 620<br>New York, NY 10006 |
|---|---|